[Civ. No. 2841.   First Appellate District, Division One.—June 11, 1919.]

## TOWN OF MILL VALLEY, Appellant, v. NATIONAL SURETY COMPANY, Respondent.

**[1]** PRINCIPAL AND SURETY—CONDITIONAL FRANCHISE TO CONSTRUCT STREET RAILROAD—BREACH—LIABILITY OF SURETY.—Where by the terms of an ordinance granting a franchise to construct a street railroad in a given municipal corporation it was to be operative only in the event that the Railroad Commission within four months thereafter issued its certificate of approval, the obtaining of such certificate of approval was a condition precedent to the granting of the franchise, and where such condition was not performed, such franchise never vested in the railroad company, and, therefore, there could be no breach or failure to perform the conditions of such franchise by the railroad company which would render its surety liable.

**[2]** ID.—INVALID CONTRACT—PERFORMANCE BOND NOT ENFORCEABLE.—Where a bond is given for the performance of a contract, and the latter is not binding upon the parties for any reason, there is no consideration for the bond, and no action, therefore, can be maintained on it.

**[3]** ID.—FORFEITURE PROVISION SELF-EXECUTING.—A provision in an ordinance granting a franchise to construct a street railroad that if a certificate of approval of the Railroad Commission is not obtained within four months from the granting of the franchise, it shall be forfeited, is self-executing and does not require a judgment of the state to, accomplish that purpose.

**[4]** ID.—PERFORMANCE OF WORK IN ANTICIPATION OF.CERTIFICATE.—The fact that the railroad company, in anticipation of being granted a certificate of approval, did some minor construction work would not render its surety answerable on its bond given to secure the performance of the terms and conditions of the franchise which was forfeited because of failure to secure such certificate.

APPEAL from a judgment of the Superior Court of Alameda County. W. M. Conley, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

H. C. Symonds for Appellant.

Goodfellow, Eells, Moore & Orrick for Respondent.

KERRIGAN, J.—This is an action to recover upon a bond given by respondent, as surety, to secure the performance by the Marin County Electric Railways of the terms and conditions of a certain franchise granted to it by the town of Mill Valley. In the lower court judgment went in favor of defendant, and this is an appeal from such judgment.

The main point relied on for a reversal is that the evidence is insufficient to support the findings.

[1] The facts of the case are brief and may be stated as follows:

The Marin County Electric Railways, a corporation, was granted by ordinance a franchise to construct a street railroad in Mill Valley upon certain conditions, and the defendant became surety for such company for the faithful performance of this obligation. By the terms of the ordinance granting the franchise it was to be operative only in the event that the Railroad Commission within four months thereafter issued its certificate of approval. To meet this condition the railroad presented its application to the Railroad Commission, praying for a certificate of public convenience and necessity, but at no time either within the four months limited in the ordinance or thereafter was such a certificate granted by that board for all or any portion of the road provided for in the franchise, the board simply signifying, over a year thereafter, its willingness to grant its certificate on terms and conditions more onerous and different from those contained in the ordinance granting the franchise. The franchise, therefore, never became effective, and the road was never constructed. It was defendant's position below, and is here, that the obtaining of

the certificate from the Railroad Commission was a condition precedent to the granting of the franchise, and that as this was not performed such franchise never vested in the railroad, and there could, therefore, be no breach or failure to perform that would render the defendant liable, for the reason that the consideration had failed.

We see no escape from this contention. [2] Where a bond is given for the performance of a contract, and the latter is not binding upon the parties for any reason, there is no consideration for the bond, and no action, therefore, can be maintained on it. (9 Corpus Juris, p. 20.) [3] Aside from this rule, by the express language of the ordinance it was provided that if a certificate of approval from the Railroad Commission was not obtained within four months from the granting of the franchise it should be forfeited, and that the bond provided for should be null and void. Counsel for appellant seeks to avoid the effect of this provision by claiming that the words "shall be forfeited," as used in the ordinance granting the franchise, did not *ipso facto* work a forfeiture, but that it required a judgment of the state to accomplish that purpose. There is no merit in the contention. The provision is self-executing. (*Kaiser Land Co.* v. *Curry,* 155 Cal. 638, [103 Pac. 341].)

[4] Nor is there any merit in the claim that the franchise was breached by reason of the fact that the railroad commenced work before the necessary permit had been obtained from the Railroad Commission, and for that reason defendant is answerable on its bond. It is true that the railroad, in anticipation of being granted its certificate, did some minor construction work, but we fail to see how that circumstance can in any manner affect the question here presented. Defendant's obligation was conditional upon the issuance of the necessary certificate to make the franchise effectual. The rights and privileges sought by the railroad which formed the consideration of the obligations undertaken by it were never granted, and there could, therefore, be no violation on its part of the claimed obligation to complete the road, and this being so, no liability could accrue on a bond given by the railroad for the faithful performance of its contract. Under such circumstances, as the trial court found, the consideration for the bond had failed.

Considering the conclusion we have reached it becomes unnecessary to discuss the question raised by respondent that it was released from its contract by reason of the fact that plaintiff and the railroad altered the terms of the franchise by granting to each other certain mutual concessions.

For the reasons given the judgment is affirmed.

Waste, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 7, 1919.

All the Justices concurred.